IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CINDY L. COMPTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-11-319-RAW |
| | ) |
| RICHARD L. HALE, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the court is the motion of the defendants for summary judgment. An accident took place on April 8, 2010 in Marietta, Oklahoma. Defendant Hale (driving a semi-tractor trailer rig) began a left turn across eastbound Highway 32 to enter the on-ramp. Plaintiff, driving eastbound on Highway 32, struck Hale's vehicle. Defendants seek summary judgment on the ground that the proximate cause of the accident was plaintiff's failure to drive attentively and keep a proper lookout.

Pursuant to Rule 56(a) F.R.Cv.P., the court should grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court must examine the record in the light most favorable to the non-moving party. *See Reid v. Geico Gen. Ins. Co.,* 499 F.3d 1163, 1167 (10th Cir.2007). A fact is material if under the substantive law it is essential to the proper disposition of the claim. *Crowe v. ADT Sec. Servs., Inc.,* 649 F.3d 1189, 1194 (10th Cir.2011).

This is a diversity case and therefore the law of the forum state governs analysis of the underlying claim. *Reid,* 499 F.3d at 1167. Under Oklahoma law, the three essential elements of a claim of negligence are: (1) a duty owed by the defendant to protect the plaintiff from injury; (2) a failure to properly perform that duty, and (3) the plaintiff's injury being proximately caused by the defendant's breach. *Gaines-Tabb v. ICI Explosives, USA, Inc.,* 160 F.3d 613, 620 (10th Cir.1998). As stated, defendants' motion focuses on the third element. Although causation is generally a question of fact, the question becomes an issue of law when there is no evidence from which a jury could reasonably find the required proximate, causal nexus between the careless act and the resulting injuries. *Id.* If the facts relevant to causation are disputed or if conflicting inferences can be drawn from the undisputed facts, the determination of causation must be left for the trier of fact. *Jones v. Mercy Health Ctr., Inc.,* 155 P.3d 9, 14 (Okla.2006).

The court has concluded this is not an appropriate case for summary judgment[1]. Defendants cite a passage in the police report that plaintiff stated she "looked the other way" and when she looked back the truck was in front of her. In her deposition, plaintiff could not recall making such a statement. In the court's view, this does not rise to the level of an undisputed fact, but rather a determination for the jury. In any event, even establishing such a statement would not appear to definitively prove lack of causation on Hale's part. Instead,

---

[1] Defendants have filed a motion to exclude the opinion of plaintiff's accident reconstruction expert under *Daubert v. Merrell Dow Pharm.,* 509 U.S. 579 (1993). Defendants, however, state that the court may accept – for purposes of the summary judgment motion only – the challenged expert opinion. (Reply at 3).

it would be pertinent to a defense of contributory negligence. Under Oklahoma law, contributory negligence is a question of fact for the jury and cannot be resolved on summary judgment. *See Lewis v. Wal-Mart Stores, East, L.P.,* 225 P.3d 6, 10 (Okla.Civ.App.2009)(citing Okla. Const. art.23, §6).

The defendants' motion raises a second issue. It is undisputed that the amount billed plaintiff by medical providers was $354,615.00, but that the amount actually paid and accepted by those providers pursuant to Medicaid payment schedules was $45,591.93. The difference between those amounts was "written off" by the provider. Defendants argue that inasmuch as plaintiff is not liable and never will be liable for the difference, she is not entitled to seek that amount in damages. Plaintiff argues to the contrary.

"Government programs such as Medicare and Medicaid have significantly increased the complexity and difficulty of applying the collateral source rule." Michael W. Cromwell, Comment, *Cutting the Fat out of Health-Care Costs: Why Medicare and Medicaid Write-Offs Should Not be Recoverable Under Oklahoma's Collateral Source Rule,* 62 Okla. L. Rev. 585, 595 (2010)(footnote omitted)[2]. Further, "[a]s a general rule, courts do not apply the collateral source rule to Medicaid write-offs, unlike the jurisdictional split found with respect to Medicare write-offs." *Id.* at 596-97 (footnotes omitted). The parties do not dispute that the case at bar involves Medicaid, not Medicare, write-offs. From a transcript attached to defendants' briefing, it appears Judge Heaton of the United States District Court for the

---

[2] This law review comment provides a thorough review of the state of case authority at the time of its writing.

Western District of Oklahoma ruled that a plaintiff could not seek damages based upon Medicaid write-offs. Plaintiff cites *Simpson v. Saks Fifth Avenue, Inc.,* 2008 WL 3388739 (N.D.Okla.), in which Judge Eagan reached a different result. *Simpson*, however, dealt with <u>Medicare</u> write-offs, and is therefore distinguishable for purposes of the present ruling. This court will grant defendants' motion in this respect[3].

It is the order of the court that the motion for summary judgment (#46) is DENIED as to the ultimate merits. The case shall proceed to jury trial on plaintiff's cause of action. The motion is GRANTED insofar as plaintiff's damages for medical care, treatment and services shall be limited to the medical expenses actually paid by or on her behalf.

**ORDERED THIS 2nd DAY OF OCTOBER, 2012.**

**Dated this 2nd day of October, 2012.**

_Ronald A. White_
Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[3] Neither party has mentioned 12 O.S. §3009.1, the recent statute which appears to exclude "amounts billed" in favor of "amounts paid" in evidence at trial, so long as a signed statement by the medical provider is submitted. The statute states that it "shall apply to civil cases involving personal injury filed on or after November 1, 2011." (12 O.S. §3009.1(B)). The case at bar was filed September 19, 2011 and therefore the statute is inapplicable.